## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

AVERY JACKSON, individually and on behalf of all others similarly situated, )
)
)
Plaintiff, )
)
v. )      No. __04-56-DRH__
)
VAN KAMPEN SERIES FUND, INC. and )
VAN KAMPEN INVESTMENT )
ADVISORY CORP., )
)
Defendants. )

**FILED**
04 JAN 22 PM 2:16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Van Kampen Investment Advisory Corp. and Van Kampen Series Fund, Inc., hereby notice the removal to this Court of Cause No. 03 L 2036 from the Circuit Court of Madison County, Illinois.  In support of this notice, Defendants allege as follows:

1.      Plaintiff initiated this action by filing a Summons and Complaint naming Defendants in the Circuit Court of Madison County, Illinois (the "State Court").  Pursuant to 28 U.S.C. § 1446(a), a complete copy of the State Court file in this action is attached hereto as Exhibit A, which consists of true and correct copies of the Summons and Complaint.  No other proceedings have taken place in State Court as of the date of the filing of this Notice.

2.      Defendant Van Kampen Investment Advisory Corp. was served with a copy of the Summons and Complaint on December 24, 2003.  Defendant Van Kampen Series Fund, Inc. was served with a copy of the Summons and Complaint on December 29, 2003. Pursuant to 28 U.S.C. § 1446(b), Defendants timely file this Notice within thirty (30) days of the receipt through service of Plaintiff's Summons and Complaint by the first Defendant to be served.  All Defendants consent to removal.

3.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice with the Clerk of the Circuit Court of Madison County, Illinois and have served a copy on Plaintiff.

4.     Venue is proper under 28 U.S.C. § 1446(a) because this case is pending in the Circuit Court of Madison County, Illinois. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

5.     As set forth below, removal of this action is proper under 28 U.S.C. §§ 1331 and 1441 because the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") confers jurisdiction and because the Complaint presents a substantial federal question.

6.     In his Complaint, Plaintiff alleges that Defendants priced shares in the Van Kampen International Magnum Fund based on the net asset value ("NAV") of the Fund, which was determined once per day at the close of trading on the New York Stock Exchange. According to Plaintiff, Defendants failed to consider various factors in determining the NAV, and this failure by Defendants exposed him and other shareholders in the Fund to market timing traders, thereby diluting the value of their holdings and voting rights. *See* Compl., ¶¶ 9-12, 28-36.

7.     Plaintiff alleges that Defendants' conduct in determining the NAV amounted to a breach of fiduciary duty owed to shareholders of the Van Kampen International Magnum Fund. *Id.*, ¶¶ 48-50, 52-54.

8.     Plaintiff purports to bring this action on behalf of himself and a putative class consisting of all other persons in the United States who have held shares in the Van Kampen International Magnum Fund for more than fourteen days at any time during the last five years. *Id.*, ¶¶ 37-43. Thus, this class includes individuals who purchased and sold shares of the Van Kampen International Magnum Fund during this time period.

## SLUSA Confers Jurisdiction

9.     This Court has original jurisdiction over this action pursuant to SLUSA, and thus, this action is removable pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2) and 28 U.S.C. §§ 1331 and 1441.

10.    Under SLUSA, federal courts are the exclusive venue for "covered class actions" alleging fraud in connection with the purchase or sale of "covered securities." 15 U.S.C. §§ 77p(b)-(c) and 78bb(f). In order for SLUSA to apply, (1) the action must be a "covered class action," (2) the plaintiff's claims must be based on state law, (3) the action must involve a "covered security," and (4) the plaintiff must allege that the defendant made misrepresentations or omissions of material fact or used a manipulative or deceptive device in connection with the purchase or sale of covered securities. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002); *see also Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107-08 (2d Cir. 2001). Plaintiff's Complaint satisfies each of these elements.

11.    First, this action is a "covered class action" under SLUSA because Plaintiff seeks to recover damages for himself and on behalf of an alleged class of unnamed other shareholders in the Van Kampen International Magnum Fund who are similarly situated, (Compl., ¶¶ 37-43), and because Plaintiff alleges that questions of law and fact common to the members of the alleged class predominate over any questions affecting only individual persons or alleged class members. *Id.*, ¶ 40. *See* 15 U.S.C. § 78bb(f)(5)(B).

12.    Second, Plaintiff's claims are state law claims based on Defendants' alleged negligence and alleged breach of fiduciary duties under Illinois state law. *See* Compl., ¶¶ 48-50, 52-54.

13.    Third, this action involves a "covered security" under SLUSA because shares of the Van Kampen International Magnum Fund are offered by an investment company registered under the Investment Company Act of 1940. *See* 15 U.S.C. § 78bb(f)(5)(E).

14.    Fourth, Plaintiff alleges misrepresentations or omissions of material fact by Defendants in connection with the purchase or sale of covered securities (Compl., ¶¶ 8, 29, 33-34, 45, 49, 53), and that Defendants used or employed a manipulative or deceptive device or contrivance in connection with the purchase or sale of covered securities. *Id.*, ¶¶ 29, 34-35, 49, 53.

15.    Specifically, Plaintiff alleges that Defendants "have been tremendously successful in convincing investors such as Plaintiff to hold their fund shares by urging investors to invest for the long term and by effectively marketing the various advantages of long term ownership of funds over direct investment. . . ." *Id.*, ¶ 8.    Further, Plaintiff alleges that Defendants operated the Van Kampen International Magnum Fund "with the stated goal of providing long term capital growth to investors who hold shares of the fund." *Id.*, ¶ 45.    Plaintiff alleges that these representations were false because Defendants "use[d] stale prices in valuing their fund shares and setting their daily NAVs . . . expos[ing] long term shareholders to market timing traders who regularly purchase and redeem Defendants' shares as part of a profitable trading strategy." *Id.*, ¶ 29.

16.    Similarly, Plaintiff alleges that Defendants manipulated the pricing of shares in the Van Kampen International Magnum Fund by "failing to make daily adjustments based upon positive correlations between upward or downward movements in United States and foreign markets and by choosing to use stale prices in valuing their fund shares and daily NAVs . . ." *Id.*, ¶ 29.    Plaintiff contends that Defendants' practices caused "[l]ong term shareholders [to] suffer a dilution of their equity interests and voting rights . . . ." *Id.*, ¶ 34.

17.    Plaintiff alleges that Defendants' alleged misconduct occurred in connection with the purchase or sale of covered securities because Plaintiff's proposed class includes persons who purchased or sold shares in the Van Kampen International Magnum Fund during the purported class period.    *See, e.g., Riley*, 292 F.3d at 1345 ("[W]hen a claim that sweeps within its ambit actual purchases or sales of stock *is* covered by SLUSA, a plaintiff may

4

not avoid SLUSA's restrictions simply by alleging that a given misrepresentation caused him to *both* to purchase and hold a particular security.") (emphasis in original); *Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 189 F. Supp. 2d 14, 19-20 (S.D.N.Y. 2001) (denying motion to remand because the plaintiff's purported class included, not only persons who held on to their stock as a result of the defendant's alleged misrepresentations, but also persons who purchased shares after the defendant's alleged misrepresentations).

### The Complaint Presents a Substantial Federal Question

18.     Removal also is appropriate in this case because the merits of Plaintiff's Complaint turn on a substantial issue of federal law.  As the United States Supreme Court recognized in *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13 (1983), even though a plaintiff might plead its claims under state law, its "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."

19.     In this case, Plaintiff alleges that Defendants "fail[ed] to implement [the Fund's] portfolio valuation and share pricing policies and procedures. . . ."  *See* Compl., ¶ 53(iii).  These policies and procedures are defined by reference to federal law, including SEC Rule 2a-4(a)(1).  However, the question of how registered investment companies should price shares of foreign companies under SEC Rule 2a-4(a)(1) is a substantial, disputed question of federal law.  *See, e.g.*, 2001 SEC No-Act LEXIS 543, at *3-4, 10-11 (Apr. 30, 2001) (determining that if a "significant event" has occurred since the closing of a foreign market but before the calculation of an investment fund's NAV, the fund must value the relevant foreign securities pursuant to "fair value pricing" methodology, but declining to define what constitutes a "significant event" requiring "fair value pricing" of foreign securities).

20.     Accordingly, removal is appropriate because Plaintiff's Complaint presents a substantial federal question.

Dated this 22th day of January, 2004.

Respectfully submitted,

VAN KAMPEN INVESTMENT
ADVISORY CORP.

By: _____
Jack Carey
23 South First Street
Belleville, Illinois 62220
(618) 234-2424

Robert Y. Sperling
David E. Koropp
Andrew M. Johnstone
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
(312) 558-5600
*Attorneys for Van Kampen
Investment Advisory Corp.*

VAN KAMPEN SERIES FUND, INC.

By: _____
Charles F. Smith
Lee P. Garner
Rebecca M. Girsch
Skadden, Arps, Slate, Meagher &
Flom LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 407-0700
*Attorneys for Van Kampen Series
Fund, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that Defendants Van Kampen Investment Advisory Corp. and Van Kampen Series Fund, Inc.'s Notice of Removal was served on this **__th** day of January, 2004 via Federal Express to:

> Stephen M. Tillery
> 10 Executive Woods Court
> Swansea, Illinois 62226
>
> George A. Zelos
> Three First National Plaza
> 70 West Madison, Suite 660
> Chicago, Illinois 60602
>
> Eugene Barash
> 701 Market Street, Suite 300
> St. Louis, Missouri 63101
>
> Andrew S. Friedman
> Francis J. Baling, Jr.
> Bonneted, Fairbourn, Friedman & Baling, P.C.
> 2901 North Central Avenue, Suite 1000
> Phoenix, Arizona 85102

By: _____
    One of the Attorneys for Defendants